IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM K. McKENNA          :     CIVIL ACTION
                            :
            v.              :
                            :
CITY OF PHILADELPHIA, et al. :     NO. 06-1705

MEMORANDUM AND ORDER

McLaughlin, J.                        November 21, 2007


        Plaintiff William McKenna was an officer in the

Philadelphia Police Department.  Mr. McKenna, who is white,

alleges that he openly opposed illegal discrimination against

African-Americans within the Department, and as a consequence

suffered employment discrimination and harassment, resulting in

his termination.

        In the present suit, Mr. McKenna brings claims under

Title VII, 42 U.S.C. § 2000, for employment discrimination and

retaliation; claims under 42 U.S.C. § 1983 for the denial of his

First Amendment right to oppose illegal discrimination and his

due process right under the Pennsylvania Constitution to

reputation, employment and free speech; and a claim under

Pennsylvania common law for intentional infliction of emotional

distress.  The defendants are the City of Philadelphia; Sylvester

Johnson, who is identified as the Philadelphia police

commissioner; and three John Does.  In his amended complaint, Mr.

McKenna specifically mentions as acts of retaliation his being

fired as a Philadelphia police officer and his picture being posted at the Police Administration building and other public buildings with a warning not to let him enter.  Am. Compl. ¶ 11.

Mr. McKenna also has another suit pending in this Court, Civil Action No. 99-1163.  In this earlier-filed suit, Mr. McKenna also brings Title VII claims alleging that the Philadelphia Police Department illegally retaliated against him after he complained about discriminatory treatment of African-American officers.  The defendants are the City of Philadelphia and several police officers allegedly involved in the retaliation.  The acts of retaliation mentioned in the plaintiff's amended complaint in this suit do not include either Mr. McKenna's termination or the posting of his picture in public buildings.  Instead, the amended complaint alleges as retaliatory acts, derogatory comments about Mr. McKenna left on bathroom walls and on handouts in his police district, adverse performance evaluations, untrue rumors, and disciplinary action, including being placed on involuntary sick leave.  Am Compl. in 99-1163 at ¶¶ 31, 35.  The suit also contains a claim under 42 U.S.C. § 1983, alleging that the Police Department improperly released confidential information about Mr. McKenna to his fellow officers.  Id. at ¶¶ 45-51.

The defendants have moved to dismiss the instant suit on multiple grounds.  They argue that Mr. McKenna cannot maintain

two separate Title VII suits arising from the same underlying incidents, and that this second suit should therefore be dismissed.  They also argue that Mr. McKenna has not exhausted his administrative remedies for his Title VII claim and that his § 1983 claims are barred by the statute of limitations.  They also challenge whether Mr. McKenna has adequately stated his claims for violation of the Pennsylvania constitution or for intentional infliction of emotional distress.

The Court finds that this case must be dismissed as duplicative of Mr. McKenna's first-filed suit.  Accordingly, the Court does not reach the other issues raised by the defendants.

In Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977), the United States Court of Appeals for the Third Circuit held that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant."  The Court believes that the Walton case is dispositive here and will therefore discuss it in some detail.

Walton, like this case, involved a plaintiff who had filed two suits in the Eastern District of Pennsylvania alleging employment discrimination.  The first suit in Walton was brought as a putative class action in which the plaintiff sought to represent a class of all black and female workers who had been subjected to race and/or sex discrimination by her employer.

3

This suit brought claims under Title VII, § 1981, and § 1983 and alleged that the plaintiff had been denied equal treatment in pay, promotions, and opportunities to obtain educational benefits; that she had been harassed on the job; and that she had been discriminatorily discharged.  Id., 563 F.2d at 69-70.

The second suit was brought by a different group of attorneys, also representing the Walton plaintiff, while the first was still pending.  This suit alleged the same causes of action as the first suit and alleged the discriminatory actions by the employer.  The second suit differed from the first, however, in that it was not brought as a class action and it contained a jury demand.  Id.

The district court consolidated the two cases and held a non-jury trial.  On appeal, the United States Court of Appeals for the Third Circuit considered whether the plaintiff should have been entitled to a jury.

The appellate court began its analysis by noting that, because a plaintiff has no right to maintain separate suits in the same court against the same defendants arising from the same facts, the district court could either "have dismissed [the plaintiff's] second complaint without prejudice or it could have stayed proceedings in the second action until judgment was entered in the first."  Id. (citing Sutcliffe Storage & Warehouse Co. v. U.S. 162 F.2d 849, 851 (1st Cir. 1947) ("The pendency of a

prior pending action in the same federal court is ground for abatement of the second action. . . . There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket. . . .") (citations omitted)).

The appellate court held that, had the district court dismissed the second suit as it was entitled to, then the plaintiff would have had no right to a jury trial. The court held that the same outcome resulted even though the second suit had not been dismissed, because when the two suits were consolidated, the second complaint became essentially an amendment of the first and a waiver of a right to trial by jury cannot be revived by amending the original pleadings. Id., 563 F.2d at 71.

In approving the district court's decision to consolidate the two cases, rather than dismissing the first outright, the appellate court held that consolidation might be the "most administratively efficient procedure" in some cases. Id. The court strongly cautioned, however, that a district court must

> carefully insure[ ] that the plaintiff does
> not use the tactic of filing two
> substantially identical complaints to expand
> the procedural rights he would have otherwise
> enjoyed. In particular, the court must insure
> that the plaintiff does not use the incorrect
> procedure of filing duplicative complaints
> for the purpose of circumventing the rules pertaining to the amend
> and demand for trial by jury, [Fed. R. Civ. P.} 38.

5

Id., 563 F.2d at 71.

Under the analysis in Walton, Mr. McKenna cannot maintain two suits arising out of the same protected activity. Both this suit and Mr. McKenna's first-filed suit, C.A. No. 99-1163, bring Title VII claims and § 1983 claims against the City of Philadelphia for allegedly retaliating against him after he complained of racial harassment of African Americans.  The primary difference between the two suits is that they each allege different acts of retaliation.  This second suit specifically includes as instances of retaliation Mr. McKenna's termination from the department and the posting of his picture at the Police Administration Building, neither of which is mentioned in the complaint in Mr. McKenna's first suit.

Having determined that Mr. McKenna cannot maintain this second suit, the Court must consider whether it should be consolidated with his first suit or be dismissed.  Walton instructs courts to "carefully insure[ ]" that a litigant is not able to avoid the procedural requirements governing the amendment of complaints by the expedient of filing a second substantively identical complaint.  Id., 563 F.2d at 71.  Here, consolidating Mr. McKenna's two suits would effectively allow Mr. McKenna to amend his complaint without satisfying the requirements of Federal Rule of Civil Procedure 15.  Accordingly, this second suit will be dismissed.

6

As Walton makes clear, a plaintiff seeking to raise new claims concerning the subject matter of an already existing suit against the same defendant may not file a substantively identical suit containing these new allegations.  Instead, the proper means for raising these new claims is by moving to amend the existing complaint.   Indeed, Mr. McKenna has already sought to amend the complaint in his first-filed suit to add claims similar to those in this suit.  Although this Court has denied the motion to amend, Mr. McKenna has filed a motion for reconsideration of that decision which remains pending.   Under Walton, this motion practice in his first-filed suit is the only means for Mr. McKenna to seek to bring his additional allegations before the Court.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WILLIAM K. McKENNA          :      CIVIL ACTION
                            :
          v.                :
                            :
CITY OF PHILADELPHIA, et al. :     NO. 06-1705
```

ORDER

      AND NOW, this 21th day of November, 2007, upon consideration of the Defendants' Motion to Dismiss (Docket # 16) and the opposition thereto, IT IS HEREBY ORDERED, for the reasons stated in the accompanying Memorandum of Law, that the Defendants' Motion to Dismiss is GRANTED.

      This case is closed.


                    BY THE COURT:


                    /s/ Mary A. McLaughlin
                    MARY A. McLAUGHLIN, J.